IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jorge Campos, Plaintiff

v.

Titanium Insulation, Inc. and Cesar Garcia, individually, Defendants

## COMPLAINT

Jorge Campos ("Plaintiff"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS §115/4 *et seq*, commonly known as the Illinois Wage Payment and Collection Act ("IWPCA"), complains against Titanium Insulation, Inc. and Cesar Garcia, individually (collectively, "Defendants"), and state:

## Introduction

1. Overtime and minimum wages are required by the FLSA and IMWL.
2. This action seeks redress for Defendants' failure to pay Plaintiff earned minimum and overtime wages.
3. Plaintiff is a current employee of the Defendants' and has not been paid his earned minimum and overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.
5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.
6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants own and operate Titanium Insulation, Inc. located at 15431 South Crawford Avenue, Unit 2, Markham, Illinois within the three years preceding the filing of this complaint.

8. Mr. Garcia resides in and is domiciled in this judicial district.

9. Mr. Garcia is the owner of Titanium Insulation, Inc. and is involved in the day-to-day business operations of Titanium Insulation, Inc. and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. Titanium Insulation, Inc. is an enterprise under 29 U.S.C. § 203(r)(1).

11. Titanium Insulation, Inc. is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Titanium Insulation, Inc. had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants are Plaintiff's employer as defined by the FLSA and IMWL.

14. Plaintiff is Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiff is employed by Defendants in Cook County, which is in this judicial district.

16. Plaintiff began working for Defendants in about June 2012.

17. As of April 6, 2017, Plaintiff is still employed by the Defendants.

18. Plaintiff works for the Defendants as an insulation installer.

19. On or around September 2016, Defendants began paying Plaintiff overtime in accordance with the FLSA and IMWL.

20. Defendants did not pay Plaintiff the appropriate overtime rate before approximately September 2016.

## COUNT I: FLSA Overtime Wage Violation

21. Plaintiff incorporates all paragraphs above as if fully restated below.

22. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

23. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

24. Throughout the course of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

25. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

26. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

27. Plaintiff is not exempt from the overtime provisions of the FLSA.

28. Defendants' failure to pay overtime violated the FLSA.

29. Defendants' FLSA violation was willful.

30. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

31. Plaintiff incorporates all paragraphs above as if fully restated below.

32. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

33. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

34. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

35. Plaintiff worked more than forty (40) hours in individual work weeks.

36. Defendants did not pay earned overtime wages to the Plaintiff.

37. Plaintiff was not exempt from overtime wages.

38. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

39. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: FLSA Minimum Wage Violation

41. Plaintiff incorporates all paragraphs above as if fully restated below.

42. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

43. This count arises from Defendants' willful violations of the FLSA, for their failure to pay minimum wages to Plaintiff while working at Defendants' business.

44. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

45. Defendants failed to pay Plaintiff his earned minimum wages at a rate of at least $8.25 per hour.

46. Plaintiff was not exempt from the minimum wages provisions of the FLSA.

47. Plaintiff is due unpaid minimum wages and liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.  Enter a judgment in the amount of unpaid minimum wages for all time worked by Plaintiff;

B.  Award liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.  Declare Defendants to be in violation of the FLSA;

D.  Enjoin Defendants from violating the FLSA;

E.  Award reasonable attorneys' fees and costs; and

F.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV: IMWL Minimum Wage Violation

48. Plaintiff incorporates all paragraphs above as if fully restated below.

49. Plaintiff was not exempt from minimum wages.

50. This count arises from Defendants' violations of the IMWL, for their failure to pay minimum wages to Plaintiff while working at Defendants' business.

51. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's minimum wage provisions.

52. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

53. Defendants failed to pay Plaintiff his earned minimum wages at a rate of at least $8.25 per hour.

54. Plaintiff was not exempt from the minimum wages provisions of the IMWL.

55. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of minimum wages due to Plaintiff under the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V – IWPCA Violation

56. Plaintiff incorporates all paragraphs above as if fully restated below.

57. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff all wages earned during all time worked for Defendant at the rate agreed to by the parties.

58. During the course of his employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

59. In one or more individual work weeks, Defendants did not pay Plaintiff for all hours worked at the rates agreed to by the parties.

60. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

61. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Thursday, April 6, 2017.

_____
**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-878-1263
bpacheco@yourclg.com